KIRK et al., Respondents, v. BAKER et al., Appellants.

(No. 1,390.)

(Submitted November 21, 1901. Decided December 16, 1901.)

*Executors and Administrators—Real Estate—Sale—Notice to Heirs — Proof of Heirship — Necessity — Administrator's Liability.*

Real estate of a decedent was sold by an administrator under order of the probate court. Thereafter certain persons claiming to be heirs of the deceased, and therefore entitled to a share in the land, claimed their share of the proceeds of the property from the administrator on the ground that they had no notice of the sale, or of the proceedings therefor ; and, he having refused to pay them, their claim was paid by the purchaser, whereupon he sued the administrator and his sureties to recover the amount so paid, the complaint alleging that there was no mention made of the alleged heirs, or of their claims, at any time or anywhere in the probate proceedings or record. *Held* that, since the administrator was not required to take notice of the claims of such heirs until their heirship had been established as prescribed by Code of Civil Procedure, Title XII, Chapt. 10, Art. II, and the complaint alleged that no such proceedings had been had, plaintiff was not entitled to recover.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

Action by T. S. Kirk and another against H. B. Baker and others. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendants appeal. Reversed.

*Messrs. Luce & Luce,* for Appellants.

*Mr. Eugene B. Hoffman,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from a judgment in favor of plaintiffs and from an order denying defendants' motion for a new trial. The action was brought by plaintiffs and respondents to recover of

H. B. Baker, as administrator of the estate of Nancy F. Baker, deceased, and one W. Railey and Mrs. S. Niles Baker, sureties on the official bond of the administrator, the sum of $256, alleged to be due plaintiffs for money paid by them to Arthur C. Long and Mary Wood for an alleged one-twelfth interest which they claimed in the real estate of said Nancy F. Baker, deceased. The land in which the said Long and the said Wood claimed an interest was all the property which belonged to said estate, as appears from the complaint, and was conveyed by an order of the probate court of Gallatin county to H. N. Kirk for $3,000 on June 6, 1887, having been sold under decree of said court, and by H. N. Kirk conveyed to the plaintiffs. The plaintiffs claim that the said Arthur C. Long and the said Mary Wood were minor heirs, and that there was not any notice of the time and place of said sale given to them, and that said sale was made without printed or posted notice to any one, and that, after attaining their majority, they claimed from the defendant H. B. Baker their portion of the proceeds arising from the sale of the property, but that said H. B. Baker refused to pay them the same; and that on the 18th day of January, 1897, the said Arthur C. Long and the said Mary Wood brought suit against the plaintiffs for a partition of the real estate, and that they paid said parties $250 for their said one-twelfth interest and $6 for expenses of litigation, in order to avoid the suit. In the suit at bar they had judgment in the court below for the sum claimed. The complaint further states that there was not any mention made of the two alleged heirs, or of their claims, at any time or anywhere in the probate proceedings or records.

Numerous points are relied upon and urged by appellants, but we see no useful purpose in noticing more than one, *i. e.*, want of substance in the complaint.

It is obvious from the complaint that at no time has any one of the two alleged heirs or their assignees, respondents herein, appeared in the probate court to have his or her status or claims adjudicated. It appears conclusively from the complaint that at no time has the probate court made any order in the prem-

ises, and it is therefore true that the administrator has not disobeyed any order of the court in relation to these alleged heirs or their assigns.

An administrator, at his peril, declares persons to be interested as heirs or other claimants, and pays or delivers to them any part of the money or other property of the estate, before such persons have been formally by the court in probate proceedings declared to be such, and before he is ordered by the court to make distribution, after report and accounts made and allowed, showing the condition of the estate. If he neglect and refuse to obey the order of the court to distribute, and not before, is he liable upon his official bond.

In this case there is no reason why an extended opinion should be rendered. It is sufficient to say that Article II, Chapter XI, Title XII (Sections 2840-2847), of the Code of Civil Procedure, on Distribution on Final Settlement, shows how any person claiming an interest in any part of the estate upon distribution, whether as heir or not, may enforce his claim, and, if necessary, have his heirship determined; and further shows how and to whom distribution shall be made. Examination of the provisions of said article clearly shows that the plaintiffs have no cause of action under the facts stated in the complaint. It is needless to say more in this case.

The judgment and order appealed from are reversed, and the cause is remanded.

*Reversed and remanded.*